**Robert E. PARKS and Robert L. Marietta, Appellants,**

v.

**David H. FINE, Appellee.**

**Appeal No. 85–757.**

United States Court of Appeals, Federal Circuit.

Feb. 11, 1986.

─────────

Donald Gunn, Gunn, Lee & Jackson, of Houston, Tex., argued for appellants.

Anthony M. Lorusso, Pahl, Lorusso & Loud, of Boston, Mass., argued for appellee. With him on the brief was George A. Loud.

Before FRIEDMAN, Circuit Judge, COWEN, Senior Circuit Judge, and KASHIWA,* Circuit Judge.

ON RECONSIDERATION

FRIEDMAN, Circuit Judge.

In *Parks v. Fine,* 773 F.2d 1577, 227 USPQ 432 (Fed.Cir.1985), we reviewed a decision of the Patent and Trademark Office Board of Patent Interferences (Board) which, following a request to dissolve an interference between U.S. Patent No. 4,018,562 (Parks patent) and application Serial No. 512,374 filed by Fine, awarded the Fine application priority over the Parks patent. We reversed the Board's decision not to dissolve the interference, held that accordingly there was no occasion to award priority to either party, and therefore vacated that portion of the Board's decision that awarded priority to Fine.

Following our decision, the Commissioner of Patents and Trademarks (Commissioner), who was not a party to the original appeal, filed a motion for leave to file an amicus curiae brief. In his accompanying brief the Commissioner urged this court to "vacate (or change) its decision holding *sub*

---

* Prior to his retirement from the court on January 7, 1986, Judge Kashiwa (who was a member of the original panel) joined in this Opinion on Reconsideration.

*silentio* that the Board had jurisdiction to dissolve and should have dissolved the interference." The Commissioner stated (1) that that Board has jurisdiction only to decide issues of priority and issues ancillary to priority, (2) that because dissolution of an interference is not ancillary to priority, such action is outside the Board's jurisdiction, (3) that only the Commissioner or an examiner may dissolve an interference (37 C.F.R. § 1.231(d) (1982); 37 C.F.R. § 1.237 (1982)), and (4) that since the Board had no authority to dissolve an interference, we have no jurisdiction under 35 U.S.C. § 141 (1982) to review the Board's decision not to do so. The Commissioner concluded that our decision should be limited to reversing the Board's granting of priority to Fine:

> The panel can dispose of the appeal on the merits because failure to timely copy patent claims under 35 U.S.C. 135(b) is an issue which has been determined to be ancillary to priority. Based on the panel's findings and conclusions on the merits, it is manifest that the panel should resolve the ancillary issue by reversing the Board's decision on the question of priority. Under 35 U.S.C. 135(a), reversal of the Board's decision on priority will finally dispose of the Fine claims involved in this interference.

Parks and Fine both indicated their concurrence with the Commissioner's position that the Board has no jurisdiction to dissolve an interference, although Fine suggested a disposition of the appeal (discussed below) different from that the Commissioner proposed.

We grant the Commission's motion for leave to file a brief amicus curiae.

I

We have reexamined our decision and conclude that we erred in reversing the Board's decision not to dissolve the interference. As our predecessor court stated: "The board has no authority to dissolve an interference...." *Nitz v. Ehrenreich*, 537 F.2d 539, 543, 190 USPQ 413, 417 (CCPA 1976). We therefore amend our opinion to eliminate our reversal of the Board's refusal to dissolve the interference and to change our disposition of the case to a reversal of the Board's award of priority to Fine.

II

The rationale of our prior decision was that one of the limitations in the claims that Fine had copied from the Parks patent (in an attempt to provoke an interference) —that the decomposition process was conducted "in the absence of a catalyst"—was a "material" part of Parks' invention. We held that since this limitation was not in Fine's original patent application, Fine's attempt to add the limitation by amending his original application more than a year after the Parks patent issued, was ineffective under 35 U.S.C. 135(b) (1982) because Fine's copied claims were not "the same as, or for the same or substantially the same subject matter as" the claims in Fine's original application. We ruled that the record established the materiality of the "absence of a catalyst" limitation, that in any event the burden was upon Fine to show that the limitation was immaterial and not upon Parks to show that it was material, and that Fine had not attempted to show immateriality but had relied upon Parks' failure to show materiality.

Fine argues that instead of reversing the Board's award of priority to him, the case should be remanded to the Board, the interference should be reopened, and evidence should be taken on the materiality of the "absence of a catalyst" limitation. He asserts that an outright reversal of the award of priority to him would produce an inequitable result. He states that the Board would not have allowed him to present evidence regarding the nonmateriality of the "absence of a catalyst" limitation, because the issue would not have been ancillary to priority and thus not within the Board's jurisdiction.

Since Fine made no attempt to introduce evidence on the materiality issue in the original Board proceedings, we decline to undertake the speculative inquiry whether,

if Fine had attempted to do so, the Board would have received the evidence. The record before us shows that the limitation was material.

### III

Accordingly, we make the following changes in our opinion of October 9, 1985:

A. The first paragraph of the opinion is changed to read as follows:

This is an appeal from a decision of the Patent and Trademark Office Board of Patent Interferences (Board) which, following a request to dissolve an interference between U.S. Patent No. 4,018,562 (Parks patent) and application Serial No. 512,374 filed by Fine, awarded priority to Fine. The award of priority to Fine is reversed.

B. On the first two lines of the first paragraph on page 4 of the opinion immediately prior to part II, the words "refused to dissolve the interference and" are deleted.

C. The last paragraph of the opinion is amended to state:

The decision of the Board awarding priority to Fine is reversed.

D. The words *"and VACATED"* are deleted from the last line of the opinion.